Shourin Sen (SS2323)
LAW OFFICE OF SHOURIN SEN
244 Fifth Avenue, Suite 1765
New York, NY 10001
Telephone: (347) 455-1250
Facsimile: (212) 591-6111
Email: ssen@senlawoffice.com

Attorney for Plaintiff
Lindsay McCulloch

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X

LINDSAY McCULLOCH, an individual,

      Plaintiff,

  -against-

GAWKER MEDIA, LLC, GAWKER
ENTERTAINMENT, LLC, GAWKER SALES,
LLC, and GAWKER TECHNOLOGY, LLC,

      Defendants.
-------------------------------------------------------X

Index No.:  1:10-cv-08602-JGK
            ECF CASE

COMPLAINT AND
JURY DEMAND

      Plaintiff Lindsay McCulloch, by and through her undersigned counsel, for her Complaint against Gawker Media, LLC, Gawker Entertainment, LLC, Gawker Sales, LLC and Gawker Technology, LLC, alleges upon knowledge as to herself and otherwise upon information and belief as follows:

COMPLAINT AND
JURY DEMAND                1

## NATURE OF THE ACTION

1. This lawsuit, brought by Lindsay McCulloch ("McCulloch"), a nationally recognized visual artist, arises out of the blatant and willful infringement of the copyright of her artistic work. On or around May 25, 2000, McCulloch completed an approximately three foot by four-and-a-half foot pictorial illustration of Hell as described in Dante Alighieri's fourteenth-century work *La Divina Commedia*, "Inferno." The Illustration is one of McCulloch's signature works that define her portfolio of creative output. McCulloch invested a significant amount of time on the completion of the Illustration, approximately one hundred and seventy-five hours. The Illustration, furthermore, drew on McCulloch's substantial knowledge of historical visual depictions of the epic poem. McCulloch's undergraduate and graduate theses both center on the history of visual interpretations of *La Divina Comemedia*.

2. The defendants Gawker Media, LLC, Gawker Entertainment, LLC, Gawker Sales, LLC, and Gawker Technology, LLC (collectively, "Defendants") distribute seven websites relevant to this action, *Kotaku*, *Deadspin*, *Gawker*, *Gizmodo*, i*o9*, *Jezebel* and *Lifehacker*. The Defendants claim in marketing material that the seven websites collectively receive twenty-eight million monthly readers.

3. In February 2010, Electronic Arts, Inc., an international publisher of video games, released the game *Dante's Inferno* (the "Game"). As part of Electronic Arts, Inc.'s promotional campaign surrounding the release of the Game – which included a television commercial that aired during the Super Bowl – Jonathan Knight, the producer of the Game, conducted an online chat at the Defendants' website *Kotaku*. In the chat, Knight pointed to a pictorial representation of Hell from "Inferno" as the inspiration for the game.

COMPLAINT AND
JURY DEMAND                                2

4.     Shortly thereafter, the Defendants, in blatant disregard for McCulloch's exclusive rights granted under the Copyright Act, posted the Illustration to each of the seven above websites, referencing it as the source of the video game's inspiration. The Defendants have not compensated McCulloch in any manner whatsoever. As a direct and proximate result of their unauthorized, unlawful actions, Defendants have realized and continue to realize profits and other benefits rightfully belonging to McCulloch, and have caused and continue to cause McCulloch damages.

## THE PARTIES

1.     Plaintiff Lindsay McCulloch is an individual residing in Montgomery County, Maryland.

2.     McCulloch is a professor in the Visual Arts Department at Anne Arundel Community College and has exhibited nationally at such venues as Bowery Gallery in New York City, New York and MPG Contemporary in Boston, Massachusetts. McCulloch has received numerous awards including a Joan Mitchell Foundation Fellowship and a Virginia Museum of Fine Arts Fellowship.

3.     Defendant Gawker Media, LLC is a Delaware corporation with a registered agent at 108 West 13th Street, Wilmington, Delaware 19801. Gawker Media, LLC is qualified to do business in the State of New York and regularly transacts business in the State of New York, including in this judicial district. Annexed hereto and marked as Exhibit A is a true and accurate copy of the entity information for Gawker Media, LLC from the Delaware Division of Corporations and the New York Division of Corporations.

4.     Defendant Gawker Entertainment, LLC is a New York Limited Liability Company with principal offices located at 210 Elizabeth Street 4th Floor, New York, New York

COMPLAINT AND
JURY DEMAND                              3

10012. Annexed hereto and marked as Exhibit B is a true and accurate copy of the entity information for Gawker Entertainment, LLC from the New York Division of Corporations.

5. Defendant Gawker Sales, LLC is a New York Limited Liability Company with principal offices located at 210 Elizabeth Street 4th Floor, New York, New York 10012. Annexed hereto and marked as Exhibit C is a true and accurate copy of the entity information for Gawker Sales, LLC from the New York Division of Corporations.

6. Defendant Gawker Technology, LLC is a New York Limited Liability Company with principal offices located at 210 Elizabeth Street 4th Floor, New York, New York 10012. Annexed hereto and marked as Exhibit D is a true and accurate copy of the entity information for Gawker Technology, LLC from the New York Division of Corporations.

7. Defendants, and each of them, were and are the agents, employees, partners, joint-ventures, co-conspirators, owners, principals, and/or employers of the remaining Defendants, and each of them are, and at all times herein mentioned were, acting within the course and scope of that agency, partnership, employment, conspiracy, ownership and/or joint venture. McCulloch is further informed and believes and based thereon alleges that the acts and conduct herein alleged of each such Defendant were known to, authorized by and/or ratified by the other Defendants, and each of them.

## JURISDICTION AND VENUE

8. This action arises under the Copyright Act of 1976, as amended, 17 U.S.C. § 101 et seq. This Court is vested with subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 (federal question jurisdiction) and 1338 (copyright jurisdiction).

9. This Court has personal jurisdiction over the Defendants by their transacting, doing and soliciting business in the State of New York and in this judicial district, and some of

COMPLAINT AND
JURY DEMAND                                  4

the acts of infringement complained of herein occurred in the State of New York and in this judicial district.

10. Venue is proper within this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400(a), and because a substantial part of the conduct giving rise to the claims herein occurred within this District.

## JURY DEMAND

11. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, McCulloch demands a trial by jury in this action on all issues triable by jury.

## FACTS

12. On or around May 25 of 2000, McCulloch completed an approximately 3' by 4.5' illustration that pictorially represented Hell as described in Dante Alighieri's fourteenth century work *La Divina Commedia*, "Inferno." McCulloch invested a significant amount of time on the completion of the Illustration, approximately one hundred and seventy-five hours of work.

13. McCulloch created the Illustration through careful reference and many readings of "Inferno" to focus her visual interpretation of the epic poem's symbolism and proper details. The Illustration, furthermore, drew on McCulloch's substantial knowledge of historical visual depictions of "Inferno." McCulloch's undergraduate and graduate theses both center on the history of visual interpretations of *La Divina* Comemedia.

14. McCulloch placed the notice "McCCULLOCH ©" on the Illustration's lower right corner. Annexed hereto and marked as Exhibit E is a true and accurate resized copy of the Illustration.

15. In February 2010, Electronic Arts, Inc., an international publisher of video games, released a game titled *Dante's Inferno*. Electronic Arts, Inc. launched a promotional campaign to

publicize the release of the Game that included, *inter alia*, a television commercial that aired during the Super Bowl. *See* Gus Mastrapa, *EA 'Doubles Down' With Dante's Inferno Super Bowl Ad*, WIRED, Feb. 8, 2010, at http://www.wired.com/gamelife/2010/02/dantes-inferno-super-bowl/ (accessed October 27, 2010).

16.     As part of the promotional campaign, Electronic Arts, Inc.'s producer of the Game, Jonathan Knight, conducted an online chat at the Defendants' website *Kotaku* in which he pointed to a pictorial representation of Hell from "Inferno" as the inspiration for the Game. Stated Knight:

> "The real "ah ha" moment for me was seeing this really cool map that someone created of the 9 circles of hell. You see a lot of these maps, you know the "V" shaped cross section, but there was one in particular that had all the call-outs for the different sections, the "bosses" of each circle (Charon, Minos, Cerberus, etc.), and I just looked at that map and said, "that's a level-based game waiting to happen."

17.     Following the online chat, Brian Crecente, an editor at the Defendants' website *Kotaku*, posted a 500 x 681 pixel digital copy of the Illustration online at the URL http://kotaku.com/5461535/dantes-inferno-the-original-world-map. Brian Crente cited to the Illustration as the image to which Jonathan Knight referred in the online chat. Annexed hereto and marked as Exhibit F are true and accurate screenshots of the webpage at issue.

18.     The Defendants also posted a 340 x 463 pixel digital copy of the Illustration online at the websites *io9* (at http://io9.com/people/crecente/posts/?p=44 [as of August 8, 2010]), *Kotaku* (at http://kotaku.com/people/crecente/posts/?p=44 and http://kotaku.com/?p=207 [as of August 8, 2010]), and *Lifehacker* (http://lifehacker.com/people/crecente/posts/?p=44 [as of

August 8, 2010]). Annexed hereto and marked as Exhibit G are true and accurate screenshots of the webpages at issue.

19. The Defendants also posted a 160 x 120 pixel digital copy of the Illustration online at the websites *Deadspin* (at http://deadspin.com/people/crecente/posts/?p=44 [as of August 8, 2010]), *Gawker* (at http://gawker.com/people/crecente/posts/?p=44 [as of August 8, 2010]); *Gizmodo* (http://gizmodo.com/people/crecente/posts/?p=44 [as of August 8, 2010]); *Jalopnik* (http://jalopnik.com/people/crecente/posts/?p=44 [as of August 8, 2010], and *Jezebel* (http://jezebel.com/people/crecente/posts/?p=44 [as of August 8, 2010]). Annexed hereto and marked as Exhibit H are true and accurate screenshots of the webpages at issue.

20. The Defendants claim in promotional material that the website *Kotaku* receives 3.1 million monthly readers; the website *Deadspin* receives 1.8 million monthly readers; the website *Gawker* receives 5 million monthly readers; the website *Gizmodo* receives 6.5 million monthly readers; the website *io9* receives 2.1 million monthly readers; the website *Jalopnik* receives 2 million monthly readers; the website *Jezebel* receives 2.3 million monthly readers; and the website *Lifehacker* receives 5.2 million monthly readers. Annexed hereto and marked as Exhibit I are true and accurate screenshots of the promotional material at issue.

COPYRIGHT AND REGISTRATION

21. McCulloch is currently and has been at all relevant times the exclusive owner of all right, title and interest of the copyright in the Illustration.

22. As the sole rightsholder of the copyright in the Illustration, McCulloch owns the exclusive rights to reproduce, create derivative works, distribute and display the Illustration and to authorize others to do the same.

23. Defendants have not compensated McCulloch for their use of the image and McCulloch has never authorized Defendants to reproduce, display, distribute, perform, adapt or otherwise use the Illustration in any manner whatsoever.

24. Counsel on behalf of McCulloch registered the copyright in the Illustration with the United States Copyright Office and obtained a Certificate of Registration in the Illustration as a pictorial, graphical, sculptural work, as set forth in Exhibit J.

## COUNT I – DIRECT COPYRIGHT INFRINGEMENT

(17 U.S.C. § 101 et seq. – Against all Defendants)

25. McCulloch repeats and realleges all preceding paragraphs as if fully set forth herein.

26. Defendants infringed McCulloch's exclusive rights, as provided in 17 U.S.C. § 106 (1), (2) (3) and (5), to reproduce, make derivative works of, distribute and display the Illustration.

27. As a direct and proximate result of the Defendants wrongful conduct, Defendants have realized and continue to realize profits, income, ever-increasing goodwill and other benefits rightfully belonging to McCulloch, and McCulloch has suffered injuries and damages. Accordingly, McCulloch seeks an award of actual damages pursuant to 17 U.S.C. § 504.

28. The conduct of Defendants is causing and, unless enjoined and restrained by this Court, will continue to cause McCulloch great and irreparable injury that cannot fully be compensated or measured in money, and McCulloch has no adequate remedy at law.

## COUNT II: VICARIOUS COPYRIGHT INFRINGEMENT

(17 U.S.C. § 101 et seq. – Against all Defendants)

COMPLAINT AND
JURY DEMAND                             8

29. McCulloch re-alleges and incorporates by reference paragraphs 1 through 24 above.

30. As owner or operator of each other, Defendants had both a legal right as well as the practical ability to stop or limit the direct infringement of the Illustration.

31. Additionally, as owner or operator of each other, Defendants gained a direct financial benefit from the direct infringement by others of the Illustration.

32. As a direct and proximate result of Defendants' vicarious infringement as described above, Defendants have realized and continue to realize profits, income, ever-increasing goodwill and other benefits rightfully belonging to McCulloch, and McCulloch has suffered injuries and damages. As a direct and proximate result of Defendants' vicarious infringement as described above, McCulloch has suffered injuries and damages. Accordingly, McCulloch seeks an award of actual damages pursuant to 17 U.S.C. § 504.

33. The conduct of Defendants is causing and, unless enjoined and restrained by this Court, will continue to cause McCulloch great and irreparable injury that cannot fully be compensated or measured in money, and McCulloch has no adequate remedy at law.

## COUNT III: CONTRIBUTORY COPYRIGHT INFRINGEMENT

(17 U.S.C. § 101 et seq. – Against all Defendants)

34. McCulloch re-alleges and incorporates by reference paragraphs 1 through 24 above.

35. The Defendants infringed the Illustration contributorily by intentionally inducing or encouraging direct infringement by other parties. Alternatively, the Defendants are contributorily liable because they (1) had knowledge or reason to have knowledge of the direct infringement of the Illustration and (2) provided material assistance to the infringer.

36. As a direct and proximate result of Defendants' contributory infringement as described above, Defendants have realized and continue to realize profits, income, ever-increasing goodwill and other benefits rightfully belonging to McCulloch, and McCulloch has suffered injuries and damages. Accordingly, McCulloch seeks an award of actual damages pursuant to 17 U.S.C. § 504.

37. The conduct of Defendants is causing and, unless enjoined and restrained by this Court, will continue to cause McCulloch great and irreparable injury that cannot fully be compensated or measured in money, and McCulloch has no adequate remedy at law.

## COUNT IV: CONSPIRACY TO COMMIT COPYRIGHT INFRINGEMENT

(17 U.S.C. § 101 et seq. – Against all Defendants)

38. McCulloch re-alleges and incorporates by reference paragraphs 1 through 24 above.

39. The Defendants, each of them, or a pair or combination of them, entered into an agreement with the intent to infringe the Illustration, and committed an overt act in furtherance of their common purpose.

40. As a direct and proximate result of Defendants' conspiracy to commit copyright infringement as described above, Defendants have realized and continue to realize profits, income, ever-increasing goodwill and other benefits rightfully belonging to McCulloch, and McCulloch has suffered injuries and damages. Accordingly, McCulloch seeks an award of actual damages pursuant to 17 U.S.C. § 504.

41. The conduct of Defendants is causing and, unless enjoined and restrained by this Court, will continue to cause McCulloch great and irreparable injury that cannot fully be compensated or measured in money, and McCulloch has no adequate remedy at law.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff Lindsay McCulloch demands judgment against each of the defendants as follows:

A. Declaring that Defendants' unauthorized conduct infringes McCulloch's exclusive rights under the Copyright Act;

B. Preliminarily and permanently enjoining Defendants and their officers, agents, servants, employees and all persons acting in concert or participation with them from publishing, distributing, or disseminating the Illustration or any material created with use of the Illustration, pursuant to 17 U.S.C. § 502;

C. Ordering the destruction of any digital copies of the unauthorized works incorporating McCulloch's work, pursuant to 17 U.S.C. § 503;

D. Awarding all gains, profits and advantages derived by Defendants and damages in such amount as may be found pursuant to 17 U.S.C. § 504(b) for the infringement of the Illustration;

E. Awarding prejudgment and postjudgment interest at the highest legal rates on all monetary awards;

F. Ordering such other relief as the Court deems just, equitable and appropriate.


Dated: New York, NY
       November 8, 2010

                                        Respectfully submitted,

                                        LAW OFFICE OF SHOURIN SEN


                                        By: *Shourin Sen*
                                            Shourin Sen (SS2323)
                                            244 Fifth Avenue, Suite 1765
                                            New York, NY 10001

COMPLAINT AND
JURY DEMAND                    11

Tel.: (347) 455-1250
Fax.: (212) 591-6111

Attorney for Plaintiff

COMPLAINT AND
JURY DEMAND 12