UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
:
LINDSAY McCULLOCH, :
                Plaintiff, :
:   10-CIV-8602 (JK)
  -against- :
:
GAWKER MEDIA, LLC, GAWKER :
ENTERTAINMENT, LLC, GAWKER SALES, :
LLC, GAWKER TECHNOLOGY, LLC, :
                Defendants :
:
------------------------------------------------------------x

## ANSWER TO THE FIRST AMENDED COMPLAINT AND JURY DEMAND

      Defendants Gawker Media, LLC, Gawker Entertainment, LLC, Gawker Sales, LLC, and Gawker Technology, LLC ("Gawker Media" or "Defendants"), by its attorney, David Feige, for its answer to the First Amended Complaint and Jury Demand (the "Complaint") of plaintiff Lindsay McCulloch ("McCulloch" or "Plaintiffs") allege as follows:

### NATURE OF THE ACTION

    1.    In Answer to paragraph 1, section I of the Complaint, titled "Nature of the Action," Defendants deny knowledge or information sufficient to form a belief as to the allegations thereof.

    2.    In Answer to paragraph 2, section I of the Complaint, titled "Nature of the Action," Defendants deny that the seven websites collectively receive twenty-eight million monthly readers in marketing material and otherwise admit the allegations thereof.

    3.    In Answer to paragraph 3, section I of the Complaint, titled "Nature of the Action," Defendants admit that Electronic Arts, Inc. released the game *Dante's Inferno* (the

"Game") and that Jonathan Knight is the executive producer of the Game; and otherwise deny knowledge or information sufficient to form a belief as to the allegations thereof.

4.  In Answer to paragraph 4, section I of the Complaint, titled "Nature of the Action," Defendants admit that the illustration was posted pursuant to 17 U.S.C. § 107 and thus Defendants have not compensated Plaintiff; and otherwise Defendants deny each and every allegation thereof.

## THE PARTIES

5.  In Answer to paragraph 5, section II of the Complaint, titled "The Parties," Defendants deny knowledge or information sufficient to form a belief as to the allegations thereof.

6.  In Answer to paragraph 6, section II of the Complaint, titled "The Parties," Defendants deny knowledge or information sufficient to form a belief as to the allegations thereof.

7.  In Answer to paragraph 7, section II of the Complaint, titled "The Parties," Defendants admit the allegations thereof.

8.  In Answer to paragraph 8, section II of the Complaint, titled "The Parties," Defendants admit the allegations thereof.

9.  In Answer to paragraph 9, section II of the Complaint, titled "The Parties," Defendants admit the allegations thereof.

10. In Answer to paragraph 10, section II of the Complaint, titled "The Parties," Defendants admit the allegations thereof.

11. In Answer to paragraph 11, section II of the Complaint, titled "The Parties," Defendants deny each and every allegation thereof.

## JURISDICTION AND VENUE

12.     In Answer to paragraph 12, section III of the Complaint, titled "Jurisdiction and Venue," to the extent the allegations are allegations of law, Defendants are not required to plead thereto; to the extent the allegations are allegations of fact, Defendants deny each and every allegation thereof.

13.     In Answer to paragraph 13, section III of the Complaint, titled "Jurisdiction and Venue," to the extent the allegations are allegations of law, Defendants are not required to plead thereto; to the extent the allegations are allegations of fact, Defendants deny each and every allegation thereof.

14.     In Answer to paragraph 14, section III of the Complaint, titled "Jurisdiction and Venue," to the extent the allegations are allegations of law, Defendants are not required to plead thereto; to the extent the allegations are allegations of fact, Defendants deny each and every allegation thereof.

## JURY DEMAND

15.     In Answer to paragraph 15, section IV of the Complaint, titled "Jury Demand," to the extent the allegations are allegations of law, Defendants are not required to plead thereto; to the extent the allegations are allegations of fact, Defendants deny each and every allegation thereof.

## FACTS

16.     In Answer to paragraph 16, section V of the Complaint, titled "Facts," Defendants deny knowledge or information sufficient to form a belief as to the allegations thereof.

17.    In Answer to paragraph 17, section V of the Complaint, titled "Facts," Defendants deny knowledge or information sufficient to form a belief as to the allegations thereof.

18.    In Answer to paragraph 18, section V of the Complaint, titled "Facts," Defendants deny knowledge or information sufficient to form a belief as to the allegations thereof.

19.    In Answer to paragraph 19, section V of the Complaint, titled "Facts," Defendants admit to the allegations thereof.

20.    In Answer to paragraph 20, section V of the Complaint, titled "Facts," Defendants admit to the allegations thereof.

21.    In Answer to paragraph 21, section V of the Complaint, titled "Facts," Defendants deny knowledge or information sufficient to form a belief as to the allegations thereof.

22.    In Answer to paragraph 22, section V of the Complaint, titled "Facts," Defendants admit that Kotaku did post the quoted material cited by Plaintiff as inspiration for the Game and otherwise deny knowledge or information sufficient to form a belief as to the allegations thereof.

23.    In Answer to paragraph 23, section V of the Complaint, titled "Facts," Defendants deny knowledge or information sufficient to form a belief as to the veracity and accuracy of the screenshots marked as Exhibit F and otherwise admit the allegations thereof.

24.    In Answer to paragraph 24, section V of the Complaint, titled "Facts," Defendants admit a 340 x 463 pixel image appeared in the editor's user profile and otherwise deny knowledge or information sufficient to form a belief as to the veracity and accuracy of the screenshots marked as Exhibit G.

25.    In Answer to paragraph 25, section V of the Complaint, titled "Facts," Defendants admit a 120 x 160 pixel image appeared in the editor's user profile and otherwise deny

knowledge or information sufficient to form a belief as to the veracity and accuracy of the screenshots marked as Exhibit H.

26. In Answer to paragraph 26, section V of the Complaint, titled "Facts," Defendants admit the allegations thereof.

## AUSTRALIAN DISTRIBUTIONS

27. In Answer to paragraph 27, section VI of the Complaint, titled "Australian Distributions," Defendants admit ownership of the domain name kotaku.com.au, and otherwise deny each and every allegation thereof.

28. In Answer to paragraph 28, section VI of the Complaint, titled "Australian Distributions," Insofar as Defendants are not the operators of said site, defendants deny each and every allegation thereof and deny knowledge or information sufficient to form a belief as to the veracity and accuracy of the screenshots marked as Exhibit J.

29. In Answer to paragraph 29, section VI of the Complaint, titled "Australian Distributions," insofar as defendants are not the operators of said site, defendants deny each and every allegation thereof and deny knowledge or information sufficient to form a belief as to the veracity and accuracy of the screenshots marked as Exhibit K.

## COPYRIGHT AND REGISTRATION

30. In Answer to paragraph 30, section VII of the Complaint, titled "Copyright and Registration," Defendants deny knowledge or information sufficient to form a belief as to the allegations thereof.

31. In Answer to paragraph 31, section VII of the Complaint, titled "Copyright and Registration," Defendants deny knowledge or information sufficient to form a belief as to the allegations thereof.

32. In Answer to paragraph 32, section VII of the Complaint, titled "Copyright and Registration," Defendants admit the allegations thereof.

33. In Answer to paragraph 33, section VII of the Complaint, titled "Copyright and Registration," Defendants admit, upon information and belief, that plaintiff Lindsay McCulloch filed a copyright registration for an image dated May 31, 2010, and with an effective date of June 25, 2010, and otherwise deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 33 of the Complaint.

## COUNT I – DIRECT COPYRIGHT INFRINGEMENT

34. In Answer to paragraph 34, section VIII of the Complaint, titled "Count I – Direct Copyright Infringement," Defendants repeat and reallege paragraphs 1 through 34 contained herein.

35. In Answer to paragraph 35, section VIII of the Complaint, titled "Count I – Direct Copyright Infringement," to the extent the allegations are allegations of law, Defendants are not required to plead thereto; to the extent the allegations are allegations of fact, Defendants deny each and every allegation thereof.

36. In Answer to paragraph 36, section VIII of the Complaint, titled "Count I – Direct Copyright Infringement," to the extent the allegations are allegations of law, Defendants are not required to plead thereto; to the extent the allegations are allegations of fact, Defendants deny each and every allegation thereof.

37. In Answer to paragraph 37, section VIII of the Complaint, titled "Count I – Direct Copyright Infringement," Defendants deny the allegations thereof.

## COUNT II: VICARIOUS COPYRIGHT INFRINGEMENT

38. In Answer to paragraph 38, section IX of the Complaint, titled "Count II – Vicarious Copyright Infringement," Defendants repeat and reallege paragraphs 1 through 32 contained herein.

39. In Answer to paragraph 39, section IX of the Complaint, titled "Count II – Vicarious Copyright Infringement," Defendants deny the allegations thereof.

40. In Answer to paragraph 40, section IX of the Complaint, titled "Count II – Vicarious Copyright Infringement," Defendants deny the allegations thereof.

41. In Answer to paragraph 41, section IX of the Complaint, titled "Count II – Vicarious Copyright Infringement," to the extent the allegations are allegations of law, Defendants are not required to plead thereto; to the extent the allegations are allegations of fact, Defendants deny each and every allegation thereof.

42. In Answer to paragraph 42, section IX of the Complaint, titled "Count II – Vicarious Copyright Infringement," Defendants deny the allegations thereof.

## COUNT III: CONTRIBUTORY COPYRIGHT INFRINGEMENT

43. In Answer to paragraph 43, section X of the Complaint, titled "Count III – Contributory Copyright Infringement," Defendants repeat and reallege paragraphs 1 through 43 contained herein.

44. In Answer to paragraph 44, section X of the Complaint, titled "Count III – Contributory Copyright Infringement," Defendants deny the allegations thereof.

45. In Answer to paragraph 45, section X of the Complaint, titled "Count III – Contributory Copyright Infringement," to the extent the allegations are allegations of law, Defendants are not required to plead thereto; to the extent the allegations are allegations of fact, Defendants deny each and every allegation thereof.

46. In Answer to paragraph 46, section X of the Complaint, titled "Count III – Contributory Copyright Infringement," Defendants deny the allegations thereof.

## COUNT IV: CONSPIRACY TO COMMIT COPYRIGHT INFRINGEMENT

47. In Answer to paragraph 47, section XI of the Complaint, titled "Count IV – Conspiracy to Commit Copyright Infringement," Defendants repeat and reallege paragraphs 1 through 47 contained herein.

48. In Answer to paragraph 48, section XI of the Complaint, titled "Count IV – Conspiracy to Commit Copyright Infringement," Defendants deny the allegations thereof.

49. In Answer to paragraph 49, section XI of the Complaint, titled "Count IV – Conspiracy to Commit Copyright Infringement," to the extent the allegations are allegations of law, Defendants are not required to plead thereto; to the extent the allegations are allegations of fact, Defendants deny each and every allegation thereof.

50. In Answer to paragraph 50, section XI of the Complaint, titled "Count IV – Conspiracy to Commit Copyright Infringement," Defendants deny the allegations thereof.

## AS AND FOR A FIRST DEFENSE

51. The Complaint fails to state a claim upon which relief may be granted.

## AS AND FOR A SECOND DEFENSE

52. The Complaint is barred, in whole or in part, because the Gawker Defendants' conduct was reasonable, justified, and in good faith.

**AS AND FOR A THIRD DEFENSE**

53. The Complaint is barred, in whole or in part, because the Gawker Defendants have not acted with the requisite degree of intent or fault.

**AS AND FOR A FOURTH DEFENSE**

54. The Complaint is barred, in whole or in part, under the doctrine of estoppel and waiver.

**AS AND FOR A FIFTH DEFENSE**

55. Defendant's use of the image is fair use under 17 U.S.C. § 107.

**AS AND FOR A SIXTH DEFENSE**

56. Assuming *arguendo* that Plaintiffs have stated a valid claim for copyright infringement, Defendant's actions were innocent and not willful.

**AS AND FOR A SEVENTH DEFENSE**

57. Defendant denies vicarious liability on the grounds that there was no direct or proximate infringement by Defendants for the same reasons set forth with respect to Defendant in the First through Third Defenses alleged herein; that Defendant did not have knowledge of or profit from any other party's infringement; that Defendant had no right to stop or limit any other party's infringement; and/or that Defendant did not decline to exercise any such right.

### AS AND FOR A EIGHTH DEFENSE

58. The Complaint is barred, in whole or in part, because Plaintiffs' damages, if any, are vague, uncertain, imaginary, and speculative.

### AS AND FOR AN NINTH DEFENSE

59. Plaintiffs cannot meet the requisite standards for an injunction, and are not entitled to this form of relief.

### AS AND FOR A TENTH DEFENSE

60. The Complaint is barred, in whole or in part, by the First and Fourteenth Amendments to the United States Constitution.

### AS AND FOR A ELVENTH DEFENSE

61. Plaintiffs' prayer for injunctive relief is barred, in whole or in part, because it would represent an unconstitutional prior restraint.

### AS AND FOR AN TWELFTH DEFENSE

62. The Gawker Defendants have insufficient knowledge or information upon which to form a belief as to whether they may have additional, as yet unstated, separate defenses available to them. The Gawker Defendants reserve the right to assert additional separate defenses in the event discovery indicates that such defenses would be appropriate.

WHEREFORE, Defendant demands judgment dismissing the action in its entirety with prejudice, together with an award of costs and reasonable attorneys' fees pursuant to the Copyright Act, and such other and further relief as the court may deem just and proper.

Dated: New York, New York
February 11, 2011

GISKAN SOLOTAROFF ANDERSON
& STEWART LLP

By:  /S/  David Feige
David Feige (PHV xxxxxx)

11 Broadway, Suite 2150
New York, NY 10004
T: 212.847-8315
F:  646.520.3235
David@DavidFeige.com

*Attorneys for Gawker*
